IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK ANTHONY TROUTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1062-D |
| | ) | |
| JUSTIN JONES, Director,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued

December 28, 2007, by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C.

§ 636(b)(1)(B) and (C).  Petitioner has timely objected to the Report, which recommends summary

dismissal of the Petition for failure to raise a federal constitutional issue in Ground One and for

untimeliness of all other claims.  The Court must make a de novo determination of portions of the

Report to which specific objection is made, and may accept, modify, or reject the recommended

decision in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28

U.S.C. §2254, based on claims of error by Oklahoma courts with respect to an application for post-

conviction relief and a conviction of distribution of a controlled dangerous substance (cocaine) after

five previous felony convictions, for which he received a 35-year sentence in Case No. CF-2001-

6216, District Court of Oklahoma County, Oklahoma.  Petitioner has filed a voluminous Petition,

accompanied by an appendix of supporting documents, in which he asserts thirteen grounds for

---

[1]  Due to lack of objection, the Court adopts Judge Roberts' recommendation and changes the caption
to reflect the proper defendant.  *See* Report and Recommendation [Doc. 16] at 1, n.1.

relief.  In Ground One, he claims a violation of his due process and equal protection rights because the trial court struck a post-conviction application filed February 26, 2007, for noncompliance with local rules regarding page limits and the appellate court refused to assume jurisdiction of his appeal or to issue an extraordinary writ.  The remaining claims allege ineffective assistance of trial and appellate counsel with regard to the pretrial investigation, trial, and sentence.  Petitioner's conviction and sentence were affirmed on direct appeal on March 31, 2006.[2]  Petitioner filed this federal action on September 21, 2007.  Thus, as to all but the first claim, Judge Roberts finds the Petition is time-barred under the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A).

In his objection, Petitioner does not dispute any fact stated by Judge Roberts as to the history of state court proceedings, and thus the Court accepts this aspect of the Report.[3]  Nor does Petitioner raise any specific objection to Judge Roberts' analysis of the untimeliness of his Petition under 28 U.S.C. § 2244(d), except to argue in passing that his efforts to exhaust state court remedies provide a basis for tolling the limitations period.  *See* Petr's Objection [Doc. 19] at 6.  Petitioner focuses his objection on his claim regarding alleged state court errors in post-conviction proceedings and in Judge Roberts' screening of his Petition without addressing his motions or directing Respondent to answer.  Petitioner contends he was entitled to the issuance of a "show cause order" as in *Day v. McDonough*, 547 U.S. 198 (2006).

---

[2]  The conviction and sentence became final for purposes of federal habeas review on June 30, 2006, after the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court had lapsed.  *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

[3]  Petitioner has waived further review of all issues as to which no specific objection is made.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**Summary Disposition**

Judge Roberts' action in promptly reviewing the Petition and recommending summary disposition, without any response from the government, is entirely proper. Rule 4 of the Rules Governing Section 2254 Cases mandates that a judge promptly examine a habeas petition upon filing and dismiss the petition if it plainly appears the petitioner is not entitled to relief. The respondent must be ordered to respond only if the petition is not dismissed as a result of the district court's preliminary review. In considering a habeas petition, a federal court may properly take judicial notice of facts that are a matter of public record, either in its own records or in the records of another court. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds*, *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir.2001); *see also St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may generally take notice of proceedings in other courts that "have a direct relation to matters at issue"); *Tracy v. Addison*, 16 F. App'x 928, 930, (10th Cir. 2001) (taking judicial notice of record in a related civil rights action to determine timeliness of habeas petition).[4] Moreover, in this case, all facts pertinent to Judge Roberts' recommendation and this Court's review are shown by the Petition, Petitioner's initial appendix of exhibits, and additional documents appended to his current objection. *See* Petr's Objection [Doc. 19], Exs.1-4.

The Supreme Court's recent decision in *Day* does not affect this general rule. In fact, the Court expressly held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day*, 547 U.S. at 209. Although the district court in *Day* raised the issue of timeliness after the respondent had answered, the Supreme Court did not

---

[4] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

limit the district court's ability to raise the issue at any time.  The only limitations are concerns for

due process:  "Of course, before acting on its own initiative, a court must accord the parties fair

notice and an opportunity to present their positions."  *Id*. at 210.  Petitioner has received a fair

opportunity to present his position.  For these reasons, the Court finds Petitioner's objection to the

recommendation of summary dismissal lacks merit.

**Adequacy of Claim Regarding Post-Conviction Proceedings**

Petitioner claims that an arbitrary and capricious application by the state district court of a

local procedural rule regarding page limitations has denied him access to state post-conviction

procedures provided by the Oklahoma Statutes, Okla. Stat. tit. 22, § 1080 *et seq*.  Judge Roberts is

correct, however, that a claim of constitutional error that "focuses only on the State's

post-conviction remedy and not the judgment which provides the basis for his incarceration,

. . . states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir.

1998).  It is well settled that "due process challenges to post-conviction procedures fail to state

constitutional claims cognizable in a federal habeas proceeding."  *United States v. Dago*, 441 F.3d

1238, 1248 (10th Cir. 2006).  Therefore, the Court finds Petitioner's objection to dismissal of

Ground One lacks merit.

**Timeliness of the Petition**

Petitioner does not dispute that the timeliness of the remainder of the Petition depends on

the applicability of statutory and equitable tolling doctrines.  To obtain statutory tolling, Petitioner

must show the pendency of "a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  The state district

court determined that Petitioner's post-conviction application was not properly filed, and Petitioner

has been unsuccessful in efforts to overturn that decision.  Thus, Petitioner's state court application

4

provides an insufficient basis for statutory tolling under § 2244(d)(2).  *See Adams v. LeMaster*, 223

F.3d 1177, 1181 (10th Cir. 2000) ("state procedural law must govern when determining whether a

state petition is 'properly filed'"); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Burger v. Scott*,

317 F.3d 1133, 1139 (10th Cir. 2003).

Similarly, Petitioner fails to articulate a sufficient basis for equitable tolling.  "Generally, a

litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In this circuit, equitable tolling may be appropriate when

a prisoner has failed to file a timely federal petition due to "extraordinary circumstances beyond his

control."  *See Burger*, 317 F.3d at 1144; *see also Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir.

2007) ("equitable tolling is limited to 'rare and exceptional circumstances'") (quoting *Gibson v.*

*Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).  Here, Petitioner relies solely on his state post-

conviction efforts to excuse his delay; he presents no unique fact that prevented him from filing a

federal petition within the one-year period imposed by 28 U.S.C. § 2244(d)(1)(A).  In short, the

Court finds Petitioner has failed to allege any extraordinary circumstances that would justify

equitable tolling.

Therefore, upon *de novo* consideration of the issues, the Court finds Grounds Two through

Thirteen of the Petition are time-barred and should be dismissed as untimely pursuant to 28 U.S.C.

§ 2244(d).

## Denial of Pending Motions

Finally, Petitioner objects to Judge Roberts' failure to address pending motions, which were

submitted with the Petition.  These include a combined motion for an evidentiary hearing and

appointment of counsel and a motion for issuance of a show cause order directing Respondent to

answer.  Judge Roberts simply states that the motions should be denied.  *See* Report & Recom.

[Doc. 16] at 15.  In light of the Court's determination that the Petition should be dismissed, this

recommended ruling is correct.  As stated above, a Respondent must be ordered to respond to a

petition only if it survives preliminary review and is not dismissed.  Similarly, under Rule 8 of the

Rules Governing Section 2254 Cases, a determination whether an evidentiary hearing is warranted

is made after review of the respondent's answer, the state court record, and any other materials

properly submitted.  This case has not reached that point.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation

[Doc. 16] and orders dismissal of the Petition as follows:  Ground One fails to state a cognizable

claim under 28 U.S.C. § 2254; Grounds Two through Thirteen are time-barred under 28 U.S.C.

§ 2244(d).  The following motions by Petitioner are DENIED:  Motion for Evidentiary Hearing and

for Appointment of Counsel [Doc. 5]; Motion for Issuance of a Show Cause Order [Doc. 6]; Motion

for Issuance of Order [Doc. 10]; Motion for Appointment of Counsel [Doc. 13]; and Motion for

Status Order [Doc. 15].  Judgment will be entered accordingly.

IT IS SO ORDERED this 21st day of February, 2008.


_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE